```
      IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF MARYLAND
                                    :
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK                 :

     v.                             :   Civil Action No. DKC 12-2295

                                    :
KATHRYN DAY, et al.
                                    :
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Great American Insurance Company of New York commenced this action on August 2, 2012, by filing a complaint against Defendants Kathryn Day, Julie Allinson, and Case Marine Contracting, LLC, seeking a declaratory judgment as to its rights and obligations under an insurance contract. On December 4, prior to service, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). The case was terminated on the same date. On January 14, 2013, Plaintiff filed the pending motion to reopen the case and reissue summonses. (ECF No. 6).

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Because a dismissal under this rule is effected without court order, "there is no final order or judgment from which a party

may seek relief under Rule 60(b), and the district court lacks jurisdiction to grant a Rule 60(b) motion." *Ajiwojo v. Cottrell*, 245 Fed.Appx. 563, 565 (8th Cir. 2007); *see also Netwiq v. Georgia Pac. Corp.*, 375 F.3d 1009, 1010 (10th Cir. 2004); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 545 (4th Cir. 1993) (district court may not vacate a Rule 41(a)(1) notice of dismissal without prejudice); *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) ("notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur."). Accordingly, Plaintiff may not reopen the instant case, but must instead commence a new action. *See Adams v. Lever Bros. Co.*, 874 F.2d 393, 395 (7th Cir. 1989) ("The only differences between dismissal followed by reinstatement and a Rule 41(a)(1) dismissal followed by a re-filing are that the latter requires a new docket fee and must satisfy the statute of limitations.").[1]

Accordingly, it is this 22nd day of January, 2012, by the United States District Court for the District of Maryland, ORDERED that:

---

[1] Rule 41(a)(1) was stylistically amended in 2007. Former Rule 41(a)(1) is substantively identical to current Rule 41(a)(1)(A).

2

1.  Plaintiff's motion to reopen (ECF No. 6) BE, and the same hereby IS, DENIED; and

2.  The clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel for Plaintiff.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```